IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY RAY THOMPSON, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>LISA SLATZER & REX HILDEBRAND )<br>)<br>)<br>Defendants. ) | Case No. 1:19-cv-00282 (Erie)<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE |

**ORDER**

Plaintiff Anthony Ray Thompson (Thompson), a prisoner in the custody of the Pennsylvania Department of Corrections (DOC), has filed a "Motion of Contestation to Court's Court Dated Nov. 24, 2020 to Seek Order Vacating Said Order in Favor of Default Judgment." ECF No. 78. This motion seeks reconsideration of the Court's November 24, 2020 Order at ECF No. 73, which denied Thompson's Motion for Default Judgment [ECF No. 70] and Motion to Compel Motion for Default Judgment [ECF No. 71]. For the following reasons, Thompson's motion will be DENIED.

1. Standard of Review of Motions for Reconsideration of Interlocutory Orders

Although a district court has the "inherent power to reconsider prior interlocutory orders," *State Nat'l Ins. Co. v. Cty of Camden*, 824 F.3d 399, 406 (3d Cir. 2016), the purpose of this power is to correct manifest errors of law or fact or allow for the presentation of newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration normally must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

1

injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is also appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrboach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). Such motions may not be used to reargue unsuccessful theories or argue facts or issues that were not presented to the court in the context of the previously decided matter. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). In other words, a motion for reconsideration is not a means to get a "second bite at the apple." *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D.Pa.1995) (citation omitted). And, while the standard for granting reconsideration of an interlocutory order is more liberal than for a final judgment, "the movant must still establish good cause for why the court should revisit its prior decision." *Qazizadeh*, 214 F. Supp. 3d at 295 (citing *Confer. v. Custom Eng'g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991)). "Each step of the litigation process should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." *Confer*, 760 F. Supp. at 77 (citation omitted). This standard applies to interlocutory orders on discovery issues. *See Miller v. Steam Generating Team, LLC*, 2020 WL 1821698, at *1 (W.D. Pa. Apr. 10, 2020) (granting reconsideration to order using Rule 54(b) standard denying "Plaintiff's Motion to Compel Compliance with Third Party Subpoena."

2. Analysis

Thompson has not presented any factual or legal basis to support reconsideration of the Court's order denying his motion for default judgment. He has failed to show an intervening change in the law, new evidence previously unavailable, a clear error of law or fact; there has been no "manifest injustice." *See Max's Seafood Café ex rel. Lou–Ann, Inc.*, 176 F.3d at 677. The Defendants timely filed an answer to the complaint. Therefore, the Court properly rejected Thompson's request for default judgment. *See* "Order denying Motion for Default Judgment," ECF No. 16.

Thompson's request for reconsideration of the Court's denial of his motion to compel is also without merit. After much sifting of Thompsons' confusing and vague filings, the Court infers that he is still seeking to compel production of a portion of DOC Policy 11.2.1. In response to Thompson's request, Defendant Rex Hildebrand objected that the following policy is "confidential": "Policy/Procedure Manual (11.2.1 Section 3 Pennsylvania Additive Classification Tool)" (DOC Policy 11.2.1). ECF No. 75-3. Defendant Hildebrand explained, "This Policy/Procedure Manual details specifically how to score the various factors that contribute to scoring an inmate's custody level. Due to the sensitive, security nature of the material and the potential for an inmate to manipulate the scoring of a custody level, this Policy/Procedure Manual has been deemed confidential by the Department of Corrections and is not to be released to an inmate or to anyone outside the Department with approval by the Secretary of Corrections." *Id.*, pp. 2-3. On May 18, 2020, Thompson filed a motion to compel DOC Policy 11.2.1, referring to it as "Reclassification Form 11.2.1 Attachment 3C."[1] ECF No. 35, pp. 1-2. The Defendants' responded to this motion to compel, writing that, "The portion of Policy 11.2.1 is confidential and the Defendants stand by their objection to not provide it." ECF No. 37, p. 1. On June 9, 2020, the Court issued an Order

---

[1] Thompson also sought other documents and to compel answers to interrogatories.

3

denying Thompson's motion to compel DOC Policy 11.2.1 and other discovery because "[t]he Court f[ound] that Defendants have properly responded to Plaintiff's discovery request either by substantive response or proper objections." ECF No. 45.

In his "Motion For Default Judgment" filed November 4, 2020, Thompson asserted that Defendants had failed to responded to Plaintiff's discovery letters sent on "Sept. 27, 2020, Oct. 13, 2020 and Oct. 15, 2020" without attaching these letters as exhibits or providing the Court with any other specificity. ECF No. 70, p. 1. Thompson's "Motion To Compel Motion For Default Judgment" filed on November 16, 2020 again vaguely asserted that he had sent "letters" to the Defendants seeking discovery which went unanswered. ECF No. 71, p. 1. One letter contradicted this, as Thompson sent a letter to Defendants' counsel on September 17, 2020, saying that he would "not be pursuing 'additional discovery.'" ECF No. 68, p. 1 (quotes in original). Thompson put two letters into the record that he sent to Defendants' counsel which were settlement offers—not formal discovery—one sent on October 15, 2020 and another sent on November 16, 2020. ECF Nos. 69, 72.

The Court denied Thompson's Motion For Default Judgment [ECF No. 70] and Motion to Compel Motion for Default Judgment [ECF No. 71] on November 24, 2020, because the Defendants had answered the Complaint and "Plaintiff's motions fail[ed] to identify any specific discovery request he has served and concerning which any Defendant has failed to respond." ECF No. 73, p. 2.

Thompson's pending motion seeks reconsideration of the Court's Order at ECF No. 73. ECF No. 78. Thompson again argues he is entitled to default judgment because the Defendants failure to answer the question he included in a "P.S." at the end of one of his letters to Defendants' counsel, but this is plainly without merit as already addressed in the Court's Order of November 24,

4

2020. ECF No. 73. Thompson also again obliquely says that "the Defendants have ignored Plaintiff's requests" for discovery.

The Court finds that DOC Policy 11.2.1, Section Three, is confidential and thus is privileged from disclosure. In denying Thompson's motion for reconsideration, the Court will reiterate and further explain why the Defendants validly objected to providing DOC Policy 11.2.1. This should put to rest Thompson's numerous filings repeatedly contesting the same issues.

The Defendants objected to providing DOC Policy 11.2.1 because it is confidential due to security concerns about disclosing the procedures by which they assign custody classifications based on prisoners' actions that violate their applicable codes of conduct. *See* ECF No. 37, p. 1. This Court recently denied a similar motion to compel that demanded production of three prison policies—6.3.1 (Facility Security); 6.5.1 (Administration of Security Level 5 Housing Units); 11.2.1 (Reception and Classification). *See Seldon v. Wetzel*, 1:19-cv-00090-SPB-RAL, slip op. (W.D. Pa. Dec. 22, 2020). There, the Court wrote:

> A review of the pertinent caselaw reveals that courts have consistently declined to compel production of the policies at issue here due to their confidential nature. As recently noted by this Court, "these procedural manuals contain confidential policies and procedures for facility security and control, which could undermine institutional security if produced to inmates." *Vo v. Gilmore*, 2019 WL 7049913, at *4 (W.D. Pa. 2019) (citing *Mercaldo v. Wetzel*, 2016 WL 5851958 (M.D. Pa. 2016) (collecting cases)). *See also Easley v. Tritt*, 2020 WL 4193585, at *6 (M.D. Pa. 2020) (declining to compel production of Policies 6.3.1 and 6.5.1 due to security concerns); *Pelino v. Gilmore*, 2019 WL 6696206, at *5 (W.D. Pa. 2019). Plaintiff has not presented any compelling basis to ignore these security concerns. As such, his motions to object [ECF Nos. 171, 173] are denied.

*Id.*, at 2-3.

In another case, the DOC has more fully elaborated their security concern about disclosing DOC Policy 11.2.1, Section Three, arguing that:

5

> [T]hese manuals contain confidential information concerning internal procedures, investigative procedures, staff training, security and monitoring techniques, and other highly sensitive information that would given an inmate a blueprint for manipulating DOC staff, investigations, and the daily operation of the institution. Making such information available to the inmates would significantly increase the difficulty of prison DOC staff and administration to effectively maintain care, custody and control of the inmates as well as provide security for the DOC staff and the general public.

*Yates v. Painter*, 2010 WL 11661295, at *6 (M.D. Pa. Mar. 26, 2010). The Court finds this argument persuasive because it raises legitimate penological considerations. Disclosure of how prison administrators weigh misconduct points to determine custody classifications would allow prisoners to treat certain forms of misconduct as less significant than others. Such disclosure would also allow inmates to game the system by engaging in misconduct up to a threshold that would change their custody classification. Thompson has not presented a need for disclosure of the policy that outweighs these considerations. Therefore, the Court finds that Defendants properly objected to production of DOC Policy 11.2.1, Section Three.

3. Conclusion

Having made no showing to support reconsideration of the prior order denying his motion to compel and motion for default judgment, Thompson's motion for reconsideration at ECF No. 78 is DENIED.

Entered and Ordered this 13th day of January, 2021.

_____
RICHARD A. LANZILLO
United States Magistrate Judge